UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE CALDWELL and LATONYA CALDWELL, | ) ) ) | Case No. 08 C 710 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Judge Kocoras |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER GALLEGOS, STAR NO. 15130, AND AN UNKNOWN NUMBER OF UNNAMED DEFENDANTS, | ) ) ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER
TO PLAINTIFFS' COMPLAINT**

Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation Counsel of the City, answers plaintiffs' complaint as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

        **ANSWER**: The City admits that Count I and the first Count II of the complaint purport to be brought under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1985. The City admits that the court has jurisdiction over these claims under 28 U.S.C. Sections 1343 and 1331. The City denies the remaining allegations in paragraph 1. The City specifically denies that it violated 42 U.S.C. Sections 1983 and 1985 or any other law.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

**ANSWER**: The City admits that venue is proper under 28 U.S.C. Section 1391. The City admits that the acts complained of arose in this district. The City denies that it committed any unlawful acts, and denies the remaining allegations in paragraph 2.

## PARTIES

3. At all times herein mentioned, Plaintiff, GRACE CALDWELL, was and is now a citizen of the United States.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. At all times herein mentioned, Plaintiff, LATONYA CALDWELL, was and is now a citizen of the United States.

**ANSWER**: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. At all times herein mentioned, Chicago police officer Gallegos, Star No. 15130 ("Gallegos") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This defendant is now being sued in their [sic] individual capacity.

**ANSWER**: The City admits that it employed a police officer by the name of Alejandro Gallegos on or about November 23, 2007, and that Officer Gallegos' star number was 15130. The City admits that plaintiffs sue Officer Gallegos in his individual capacity. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. At all times herein mentioned an unknown number of unnamed Chicago police officers ("unknown officers") were employed by the Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the Chicago Police

Department.  These Defendants are being sued in their individual capacities.  Upon discovery of their identities plaintiff will amend the complaint to add them as defendants.

**ANSWER**:  The City admits that plaintiffs purport to sue unnamed Chicago Police Officers in their individual capacities in this action.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

7.   At all times herein mentioned, the City of Chicago was a political subdivision of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.  At all relevant times Gallegos and unknown officers were employees or agents of the City of Chicago working within the scope of their employment or agency.

**ANSWER**:  The City admits that the City of Chicago is a political subdivision of and exists as such under the laws of the State of Illinois.  The City admits that the Chicago Police Department is an operating department of the City.  The terms "maintained, managed, and/or operated" are vague and undefined and, therefore, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of paragraph 7.  The City admits that Officer Gallegos was an employee of the Chicago Police Department on or about November 23, 2007.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**FACTUAL ALLEGATIONS**

8.   On or about November 23, 2007, Plaintiffs resided in an apartment building located at 1921 S. St. Louis, Chicago, Illinois.

**ANSWER**:  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.   At that time and place Gallegos and Unknown Officers forcibly entered and searched the plaintiffs' apartment located at 1921 S. St. Louis, Chicago, IL.  None of the defendants knocked and announced their office before forcibly entering the apartment.

3

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.   There was no legal cause to search plaintiffs' apartment.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.   Gallegos and Unknown Officers caused excessive and unnecessary property damage while searching the apartment.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.   Gallegos and Unknown Officers removed property including, but not limited to, a computer and U.S. currency.  There was no legal cause for removal of this property.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.   None of the plaintiffs consented to their apartment being searched.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.   During the course of the searches of the apartment Gallegos and Unknown Officers pointed guns at plaintiffs.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.   By reason of the above-described acts and omissions of defendants, plaintiffs sustained injuries, including but not limited to, property damage, property loss, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

**ANSWER**:   The City denies the allegations in paragraph 15 with respect to the City. The

City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**: The City denies the allegations in paragraph 16 with respect to the City. The City denies that plaintiffs are entitled to recover exemplary and/or punitive damages against the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17. By reason of the above-described acts and omissions of the defendants, and each of them, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**: The City denies the allegations in paragraph 17 with respect to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### COUNT I
### Plaintiffs against Defendants Gallegos and Unknown Officers for
### Unreasonable Search

18. Plaintiffs hereby incorporate and reallege paragraphs one (1) though seventeen (17) hereat as though fully set forth at this place.

**ANSWER**: The City realleges and incorporates by reference its answers to paragraphs 1 through 17 of plaintiffs' complaint.

19. By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the

Constitution of the United States and laws enacted thereunder.

**ANSWER**:   This Count is not directed against the City and, therefore, the City is not required to answer paragraph 19.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.   The arbitrary intrusion by defendants, [sic] into the security and privacy of plaintiffs' apartments was in violation of plaintiffs' Constitutional Rights and not authorized by law.  The defendants violated the plaintiffs' rights in the following manner: (1) The forcible entry and search of plaintiffs' apartment; (2) Forcibly entering the apartment without first knocking an [sic] announcing their office; (3) Causing excessive and unnecessary property damage to the plaintiffs' apartment; and (4) The removal of property including a computer and U.S. Currency.  These acts were in violation of the plaintiffs' Fourth Amendment rights.  Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER**:   This Count is not directed against the City and, therefore, the City is not required to answer paragraph 20.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COUNT II**
**Plaintiffs against Defendant Gallegos for**
**Unreasonable Procurement of a Search Warrant**

21.   Plaintiffs hereby incorporate and reallege paragraphs one (1) though seventeen (17) hereat as though fully set forth at this place.

**ANSWER**:   The City realleges and incorporates by reference its answers to paragraphs 1 through 17 of plaintiffs' complaint.

22.   Plaintiffs are informed and believe that defendant Gallegos may have procured a search warrant identifying plaintiffs' apartment as the premises to be searched but also indicating that an individual named Shiloh Caldwell resided in the apartment.

**ANSWER**:  This Count is not directed against the City and, therefore, the City is not required to answer paragraph 22.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    a. relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

    b. failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

    c. failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to plaintiffs' apartment, Shiloh Caldwell, and plaintiffs.

    d. failing to conduct a search of available databases for any information connecting Shiloh Caldwell to plaintiffs' apartment.

    e. Failing to be truthful with Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof.

**ANSWER**:  This Count is not directed against the City and, therefore, the City is not required to answer paragraph 23.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. No reasonably well trained police officer in the position of Gallegos would have applied for the search warrant obtained by Gallegos and it was done intentionally or with reckless disregard to the rights of plaintiffs.

**ANSWER**:  This Count is not directed against the City and, therefore, the City is not

required to answer paragraph 24.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. As a result of Gallegos' unreasonable procurement of the search warrant plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

**ANSWER**:  This Count is not directed against the City and, therefore, the City is not required to answer paragraph 25.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. The procurement of the search warrant was in violation of plaintiffs' Constitutional Rights and not authorized by law.  The foregoing was unnecessary, unreasonable and excessive, and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution.  Therefore, Gallegos, in his individual capacity is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER**:  This Count is not directed against the City and, therefore, the City is not required to answer paragraph 26.  To the extent an answer is required, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### COUNT II [sic]

**Plaintiffs against Gallegos, Unknown Officers, and the
CITY OF CHICAGO For The
State Supplemental Claim Of Trespass**

27. Plaintiffs hereby incorporate and reallege paragraphs one (1) though seventeen (17) hereat as though fully set forth at this place.

**ANSWER**:  The City realleges and incorporates by reference its answers to paragraphs 1

through 17 of plaintiffs' complaint.

28.     Gallegos and Unknown Officers committed the tort of trespass when they entered Plaintiffs' apartment of [sic] without permission or authority.

**ANSWER**:  The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     The City of Chicago is liable to plaintiff for the acts of Gallegos and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER**:  The City states that plaintiffs' allegation that the City is liable to plaintiff for the actions of Officer Gallegos and Unknown Officers is a vague, incomplete or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law and, therefore, the City denies the allegation in paragraph 29.

30.     As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

**ANSWER**:  The City denies the allegations in paragraph 30 with respect to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### COUNT III [sic]

**Plaintiffs against Gallegos, Unknown Officers, and the
CITY OF CHICAGO For The
State Supplemental Claim Of Assault**

31.     Plaintiffs hereby incorporate and reallege paragraphs one (1) though seventeen (17) hereat as though fully set forth at this place.

**ANSWER**:  The City realleges and incorporates by reference its answers to paragraphs 1 through 17 of plaintiffs' complaint.

32.     During the course of the search of the apartment Gallegos and Unknown Officers

9

committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at plaintiffs without justification, and thereby placed the plaintiffs in reasonable apprehension of receiving a battery.

**ANSWER**:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.   The City of Chicago is liable to plaintiff for the acts of Gallegos and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER**:   The City states that plaintiffs' allegation that the City is liable to plaintiff for the actions of Officer Gallegos and Unknown Officers is a vague, incomplete or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law and, therefore, the City denies the allegation in paragraph 33.

34.   As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of assault.

**ANSWER**:   The City denies the allegations in paragraph 34 with respect to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiffs general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiffs special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6. That Plaintiffs have such other and further relief as the court may deem just and proper.

**ANSWER**: The City denies that plaintiffs are entitled to judgment in their favor and further deny that they are entitled to the relief they seek.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

**ANSWER**: The City admits that plaintiffs request a jury trial. The City also demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

2. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employees or agents were acting outside the scope of their employment. 745 ILCS 10/9-102.

3. The City is not liable to plaintiffs if its employees or agents are not liable to the plaintiffs. 745 ILCS 10/2-109.

4. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

5. The City is not liable for any injury caused by the act or omission of another

person. 745 ILCS 10/2-204.

6. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party. 745 ILCS 10/2-102.

7. As to plaintiffs' state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

8. To the extent that plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiffs by the jury in this case.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

Dated: April 29, 2008　　　　　　　　By: *s/ Kathleen V. Crowe*
　　　　　　　　　　　　　　　　　　　　KATHLEEN V. CROWE
　　　　　　　　　　　　　　　　　　　　Senior Counsel
　　　　　　　　　　　　　　　　　　　　ASHLEY KOSZTYA
　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that she caused to be served on plaintiffs' counsel of record, as identified below, the foregoing **Defendant City of Chicago's Answer to Plaintiffs' Complaint**, via electronic case filing system, on this 29th day of April, 2008.

> Edward M. Fox
> Garrett W. Browne
> Ed Fox & Associates
> 300 W. Adams Street, Suite 330
> Chicago, Illinois 60606
> efox@efox-law.com
> gbrowne@efox-law.com

> *s/ Kathleen V. Crowe*
> Kathleen V. Crowe
> Senior Counsel