## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GRACE CALDWELL and | ) | |
| LA TONY A CALDWELL | ) | |
| | ) | Case No. 08 C 710 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Chicago, Chicago Police Officer | ) | |
| Gallegos, ) Star No. 15130, and an | ) | Judge Kocoras |
| unknown number of unnamed | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

### DEFENDANT OFFICER'S
### ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND
### JURY DEMAND TO PLAINTIFFS' COMPLAINT

Defendant Officer, Alejandro GALLEGOS, (hereinafter referred to as "Individual

Defendant" or "Defendant Officer"), by one of his attorneys, Thomas Freitag, Assistant

Corporation Counsel, for his Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses,

and Jury Demand to Plaintiffs' Complaint, states as follows:

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of
1871 [42 U.S.C. Sections 1983 and 1985].  This court has jurisdiction under and by virtue of 28
U.S.C. Sections 1343 and 1331.

**ANSWER:      Individual Defendant admits that plaintiffs bring this action pursuant**

**to 42 U.S.C. Section 1983 for alleged violations of their federal constitutional rights.**

**Answering further, Individual Defendant admits that jurisdiction is proper in this Court, but**

**denies any wrongful or ilegal conduct.**

2.       Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

**ANSWER: Individual Defendant admits that venue is proper in this Court but denies the complained of acts alleged in this Complaint.**

## PARTIES

3.       At all times herein mentioned, Plaintiff, GRACE CALDWELL, was and is now a citizen of the United States.

**ANSWER:    Individual Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.**

4.       At all times herein mentioned, Plaintiff, LA TONY A CAI~DWELL, was and is now a citizen of the United States.

**ANSWER:    Individual Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.**

5.       At all times herein mentioned Chicago police officer Gallegos, Star No. 15130 ("Gallegos") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

**ANSWER:    Individual Defendant admits the allegations set forth in this paragraph, but denies and wrongful or illegal conduct.**

6.       At all times herein mentioned an unknown number of unnamed Chicago police officers ("unknown officers") were employed by the Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the Chicago Police Department.  These Defendants are being sued in their individual capacities. Upon discovery of their identities plaintiff will amend the complaint to add them as defendants.

**ANSWER:       Individual Defendant lacks knowledge and information sufficient to**

form a belief as to the truth or falsity of the allegations set forth in this paragraph.

       7.     At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times Gallegos and unknown officers were employees or agents of the City of Chicago working within the scope of their employment or agency.

       **ANSWER:**   **Individual Defendant admits that he is an employee of the City of Chicago, and admits, upon information and belief, the allegations set forth in this paragraph regarding the City of Chicago, but Individual Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph regarding unknown officers.**

## FACTUAL ALLEGATIONS

       8.     On or about November 23, 2007, Plaintiffs resided in an apartment building located at 1921 S. St. Louis, Chicago, Illinois.

       **ANSWER:**   **Individual Defendant admits that plaintiff Grace Caldwell was located in a residence commonly known as 1921 S. St. Louis, City of Chicago, on or about November 23, 2007, at the time the residence was searched pursuant to a search warrant. Individual Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation concerning where plaintiff Latonya Caldwell resided on or about November 23, 2007.**

       9.     At that time and place Gallegos and Unknown Officers forcibly entered and searched the plaintiffs' apartment located at 1921 S. St. Louis, Chicago, IL.  None of the defendants knocked and announced their office before forcibly entering the apartment.

       **ANSWER:**   **Individual Defendant admits that pursuant to a search warrant, forced entry was made and the premises located at 1921 S. St. Louis, 2nd Fl., Chicago, IL,**

were searched, but denies the remaining allegations set forth in this paragraph.

10.    There was no legal cause to search the plaintiffs' apartment.

**ANSWER:    Individual Defendant denies the allegations set forth in this paragraph.**

11.    Gallegos and Unknown Officers caused excessive and unnecessary property damage while searching the apartment.

**ANSWER:    Individual Defendant denies the allegations set forth in this paragraph.**

12.    Gallegos and Unknown Officers removed property including, but not limited to, a computer and U.S. currency. There was no legal cause for the removal of this property.

**ANSWER:    Individual Defendant admits that a computer was lawfully removed and inventoried, but denies the remaining allegations set forth in this paragraph.**

13.    None of the plaintiffs consented to their apartment being searched.

**ANSWER:    Individual Defendant admits the allegations set forth in this paragraph.**

14.    During the course of the searches of the apartment Gallegos and Unknown Officers pointed guns at plaintiffs.

**ANSWER:    Individual Defendant denies the allegations set forth in this paragraph.**

15.    By reason of the above-described acts and omissions of defendants, plaintiffs sustained injuries, including but not limited to, property damage, property loss, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:    Individual Defendant denies the allegations set forth in this paragraph.**

16.    The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:    Individual Defendant denies the allegations set forth in this**

**paragraph.**

17.    By reason of the above-described acts and omissions of the defendants, and each of them, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:    Individual Defendant denies the allegations set forth in this**

**paragraph.**

**COUNT I**
**Plaintiffs against Defendants Gallegos and**
**Unknown Officers for Unreasonable Search**

18.    Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

**ANSWER:    Individual Defendant reasserts his answers contained in the preceding**

**paragraphs 1-17, and incorporate their answers herein, as though fully stated.**

19.    By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

**ANSWER:    Individual Defendant denies the allegations set forth in this**

**paragraph.**

20.    The arbitrary intrusion by defendants, into the security and privacy of plaintiffs' apartments was in violation of plaintiffs' Constitutional Rights and not authorized by law.  The defendants violated the plaintiffs' rights in the following manner: (1) The forcible entry and

search of plaintiffs' apartment; (2) Forcibly entering the apartment without first knocking an announcing their office; (3) Causing excessive and unnecessary property damage to the plaintiffs' apartment; and (4) The removal of property including a computer and U.S. Currency. These acts were in violation of the plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER:    Individual Defendant denies the allegations set forth in this**

**paragraph.**

## COUNT II
### Plaintiffs against Defendant Gallegos for
### Unreasonable Procurement of a Search Warrant

21.    Plaintiffs hereby incorporate and reallege paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

**ANSWER:    Individual Defendant reasserts his answers contained in the preceding**

**paragraphs 1-17, and incorporate their answers herein, as though fully stated.**

22.    Plaintiffs are informed and believe that defendant Gallegos may have procured a search warrant identifying plaintiffs' apartment as the premises to be searched but also indicating that an individual named Shiloh Caldwell resided in the apartment.

**ANSWER:    Individual Defendant admits that on November 23, 2007, he obtained**

**a search warrant for Shiloh Caldwell and the premises of 1921 S. St. Louis, 2nd fl., Chicago,**

**Il.**

23.    Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

      a.    relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

      b.    failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

      c.    failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant infol111ation related to plaintiffs' apartment, Shiloh Caldwell, and plaintiffs.

      d.    failing to conduct a search of available databases for any information connecting Shiloh Caldwell to plaintiffs' apartment.

e.  Failing to be truthful with tile Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof.

**ANSWER:**    **Individual Defendant denies the allegations set forth in this**

**paragraph.**

24.    No reasonably well trained police officer in the position of Gallegos would have applied for the search warrant obtained by Gallegos and it was done intentionally or with reckless disregard to the rights of plaintiffs.

**ANSWER:**    **Individual Defendant denies the allegations set forth in this**

**paragraph.**

25.    As a result of Gallegos' unreasonable procurement of the search warrant plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

**ANSWER:**    **Individual Defendant denies the allegations set forth in this**

**paragraph.**

26.    The procurement of the search warrant was in violation of plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary) unreasonable and excessive) and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution. Therefore, Gallegos, in his individual capacity is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **Individual Defendant denies the allegations set forth in this**

**paragraph.**

**COUNT II**
**Plaintiffs against Gallegos, Unknown Officers, and the**
**CITY OF CHICAGO For The**
**State Supplemental Claim Of Trespass**

27.    Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

7

**ANSWER:**     **Individual Defendant reasserts his answers contained in the**

**preceding paragraphs 1-17, and incorporate their answers herein, as though fully stated.**

28.     Gallegos and Unknown Officers committed the tort of trespass when they entered Plaintiffs' apartment of without permission or authority.

**ANSWER:**     **Individual Defendant denies the allegations set forth in this**

**paragraph.**

29.      The City of Chicago is liable to plaintiff for the acts of Gallegos and Unknown Officers pursuant to the doctrine of respondeat superior.

**ANSWER:**     **Individual Defendants deny engaging in the complained of conduct**

**and therefore deny the allegations set forth in this paragraph**.

30.     As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

**ANSWER:**     **Individual Defendant denies the allegations set forth in this**

**paragraph.**

**COUNT III**
**Plaintiffs against Gallegos, Unknown Officers, and the**
**CITY OF CHICAGO For The**
**State Supplemental Claim Of Assault**

31.     Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

**ANSWER:**     **Individual Defendant reasserts his answers contained in the**

**preceding paragraphs 1-17, and incorporate their answers herein, as though fully stated.**

32.     During the course of the search of the apartment Gallegos and Unknown Officers committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at plaintiffs without justification, and thereby placed the plaintiffs in reasonable apprehension of receiving a battery.

**ANSWER:**     **Individual Defendant denies the allegations set forth in this**

8

paragraph.

33.    The City of Chicago is liable to plaintiff tor the acts of Gallegos and Unknown Officers pursuant to the doctrine of *respondeat superior*.

**ANSWER:**    **Individual Defendants deny engaging in the complained of conduct and therefore deny the allegations set forth in this paragraph**.

34.    As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplementa1 claim of assault.

**ANSWER:**    **Individual Defendant denies the allegations set forth in this paragraph.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendant is a government officials, namely police officer, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant is not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (West 2006).

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendants were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendant is not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (West 2006).

### FIFTH AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208(West 2006).

### SIXTH  AFFIRMATIVE DEFENSE
### STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff.  Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in

proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

**SEVENTH AFFIRMATIVE DEFENSE:**
**MITIGATION OF DAMAGES**

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

**EIGHTH AFFIRMATIVE DEFENSE:**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-209**

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by entry upon any property where such entry is expressly or impliedly authorized by law.  745 ILCS 10/2-209 (West 2006).

**FED. RULE CIV. PRO. 12(b)(6) DEFENSES**

**FIRST 12(b)(6) DEFENSE:**
**PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS**

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a)  liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.


### SECOND 12(b)(6) DEFENSE:

### COUNT II OF PLAINTIFFS' COMPLAINT IS DUPLICATIVE AND FAILS TO STATE A SEPARATE CAUSE OF ACTION

To the extent Plaintiffs are claiming separate cause of action in Count II of their Complaint, that cause of action should be dismissed as duplicative, for Plaintiffs already plead the same cause of action within Count I of their Complaint


### CONCLUSION

WHEREFORE, Defendant Alejandro GALLEGOS, respectfully requests that judgment be entered in his favor and against Plaintiffs in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.


### JURY DEMAND

Defendant Alejandro GALLEGOS,  hereby demands a jury trial for all issues so triable.


Respectfully submitted,


/s/ Thomas Freitag
THOMAS FREITAG
Assistant Corporation Counsel

30 N. LaSalle Street

12

Suite 1400
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245