IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GRACE CALDWELL and LATONYA CALDWELL** ) | Case No. 08 C 710 |
| ) | |
| ) | |
| Plaintiffs, ) | FIRST AMENDED |
| ) | COMPLAINT FOR VIOLATION |
| vs. ) | OF CIVIL RIGHTS |
| ) | |
| **City of Chicago**, Chicago Police Officers Gallegos, ) | |
| Star No. 15130, Marco Bruno Star No. 18850, William ) | |
| Lipke, Star No. 8382, Jimmy Woods, Star No. 8990, ) | |
| Brian Leahy, Star No. 13624, John Lucid, Star No. 2361, ) | |
| David Greenwood, Star No. 15128, Denton, Star No. 19152 ) | |
| Edwards, Star No. 19970, M. Little, Star No. 885, and ) | |
| Lieutenant Nathan Hamilton, Star No. 656, ) | JUDGE KOCORAS |
| Defendants. ) | |

Plaintiffs allege:

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff, GRACE CALDWELL, was and is now a citizen of the United States.

1

4. At all times herein mentioned, Plaintiff, LATONYA CALDWELL, was and is now a citizen of the United States.

5. At all times herein mentioned Chicago police officer Gallegos, Star No. 15130 ("Gallegos") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned Chicago police officer Marco Bruno, Star No. 18850 ("Bruno") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned Chicago police officer William Lipke, Star No. 8382 ("Lipke") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned Chicago police officer Jimmy Woods, Star No. 8990 ("Woods") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned Chicago police officer Brian Leahy, Star No. 13624 ("Leahy") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned Chicago police officer John Lucid, Star No. 2361 ("Lucid") was employed by the Chicago Police Department, and was acting under color of state

law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned Chicago police officer David Greenwood, Star No. 15128 ("Greenwood") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

12. At all times herein mentioned Chicago police officer M. Little, Star No. 885 ("Little") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

13. At all times herein mentioned Chicago police officer Denton, Star No. 19152 ("Denton") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

14. At all times herein mentioned Chicago police officer Edwards, Star No. 19970 ("Edwards") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

15. At all times herein mentioned Chicago police Lieutenant Nathan Hamilton, Star No. 656 ("Hamilton") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

16. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times Gallegos and unknown officers were employees or agents of the City of Chicago working within the scope of their employment or agency.

## FACTUAL ALLEGATIONS

17. On or about November 23, 2007, Plaintiffs resided in an apartment building located at 1921 S. St. Louis, Chicago, Illinois.

18. At that time and place defendants entered and searched the plaintiffs' apartment located at 1921 S. St. Louis, Chicago, IL. None of the defendants knocked and announced their office before forcibly entering the apartment.

19. Defendants caused excessive and unnecessary property damage while searching the apartment.

20. Defendants removed property including, but not limited to, a computer and U.S. currency. There was no legal cause for the removal of this property.

21. Plaintiffs did not consent to their apartment being searched.

22. During the course of the search of the apartment defendants pointed guns at plaintiffs.

23. By reason of the above-described acts and omissions of defendants, plaintiffs sustained injuries, including but not limited to, property damage, property loss, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

24. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

25. By reason of the above-described acts and omissions of the defendants, and each of them, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs against Defendants Gallegos, Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards and Hamilton for
### Unreasonable Search

26. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

27. By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

28. The arbitrary intrusion by defendants, into the security and privacy of plaintiffs' apartment was in violation of plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the plaintiffs' rights in the following manner: (1) The forcible entry and search of plaintiffs' apartment; (2) Forcibly entering the apartment without first knocking an announcing their office; (3) Causing excessive and unnecessary property damage to the

plaintiffs' apartment; and (4) The removal of property including a computer and U.S. Currency. These acts were in violation of the plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiffs against Defendant Gallegos for
### Unreasonable Procurement of a Search Warrant

29.    Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-five (25) hereat as though fully set forth at this place.

30.     Plaintiffs are informed and believe that defendant Gallegos may have procured a search warrant identifying plaintiffs' apartment as the premises to be searched but also indicating that an individual named Shiloh Caldwell resided in the apartment.

31. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

   a. relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

   b. failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

   c. failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to plaintiffs' apartment, Shiloh Caldwell, and plaintiffs.

   d. failing to conduct a search of available databases for any information connecting Shiloh Caldwell to plaintiffs' apartment.

   e. Failing to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all

information provided by any alleged confidential information and corroboration of that information or lack thereof;

    f.    Failing to conduct a search of available databases for information related to the identity of the owner of the residence located at 1921 S. St. Louis, Chicago, Illinois.

32. No reasonably well trained police officer in the position of Gallegos would have applied for the search warrant obtained by Gallegos and it was done intentionally or with reckless disregard to the rights of plaintiffs.

33. As a result of Gallegos' unreasonable procurement of the search warrant plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

34. The procurement of the search warrant was in violation of plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution. Therefore, Gallegos, in his individual capacity is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT III

**Plaintiffs against Gallegos, Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards, Hamilton, and the  
CITY OF CHICAGO For The  
State Supplemental Claim Of Trespass**

35. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

36. Gallegos, Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards, and Hamilton committed the tort of trespass when they entered Plaintiffs' apartment of without permission or authority.

37. The City of Chicago is liable to plaintiff for the acts of Gallegos, Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards, and Hamilton pursuant to the doctrine of *respondeat superior*.

38. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

## COUNT IV

**Plaintiffs against Gallegos, Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards, Hamilton, and the CITY OF CHICAGO For The State Supplemental Claim Of Assault**

39. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through twenty-five (25) hereat as though fully alleged at this place.

40. During the course of the search of the apartment Gallegos Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards, and Hamilton committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at plaintiffs without justification, and thereby placed the plaintiffs in reasonable apprehension of receiving a battery.

41. The City of Chicago is liable to plaintiff for the acts of Gallegos, Bruno, Lipke, Woods, Leahy, Lucid, Greenwood, Little, Denton, Edwards, and Hamilton pursuant to the doctrine of *respondeat superior*.

42. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of assault.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiffs general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiffs special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6. That Plaintiffs have such other and further relief as the court may deem just and proper.

Submitted by,
S/Garrett Browne
Garrett Browne

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

S/Garrett Browne
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
Suite 330
300 West Adams
Chicago, Illinois  60606
(312) 345-8877
gbrowne@efox-law.com