UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE CALDWELL and | ) | |
| LATONYA CALDWELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | |
| Officers Gallegos, Star No. 15130, | ) | |
| Marco Bruno Star No. 18850, | ) | |
| William Lipke, Star No. 8382. | ) | 08 C 710 |
| Jimmy Woods, Star No. 8990, | ) | |
| Brian Leahy, Star No. 13624, John Lucid, | ) | |
| Star No. 2361, David Greenwood, | ) | |
| Star No. 15128, Denton, Star No. 19152, | ) | |
| Edwards, Star No. 19970, M. Little, | ) | |
| Star No. 885, and Lieutenant Nathan | ) | |
| Hamilton, Star No. 656, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Charles P. Kocoras, District Judge:

This matter comes before the court on the motion of Plaintiffs Grace and LaTonya

Caldwell for relief from the protective order entered in this case on February 11, 2009.

For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

In November 2007, Grace and LaTonya Caldwell (collectively referred to as "the

Caldwells") lived in an apartment on South St. Louis Street in Chicago. Defendants

Alejandro Gallegos, Marco Bruno, William Lipke, James Woods, Brian Leahy, John Lucid, David Greenwood, Matthew Little, Derrick Denton, Darryl Edwards, and Nathan Hamilton are Chicago police officers (collectively referred to as "the officers") who executed a search warrant at the Caldwells' apartment on the 23rd of that month. The search warrant sought seizure of illegal narcotics, drug paraphernalia, documents showing residency, money, records of drug transactions, and Shiloh Caldwell, who is Grace's grandson and LaTonya's cousin. At one point, Shiloh was a resident of the building where Grace and LaTonya live, which Grace owns.

According to the complaint, none of the officers knocked or announced that they were police officers before they forcibly entered the apartment. The Caldwells contend that the officers caused excessive and unnecessary damage while conducting their search, removed property without legal cause for doing so, and pointed guns at them during the course of the search. The search warrant at issue was obtained by Gallegos. The search revealed guns in a storage locker in the building but outside the women's apartment; no other items mentioned in the search warrant were found. Shiloh was tried on charges of possession of the guns but was acquitted.

On February 1, 2008, the Caldwells filed suit against the officers and the City of Chicago under 42 U.S.C. §§ 1983 and 1985. Shiloh is not a party to this suit. In pertinent part, the complaint contends that Gallegos violated the women's Fourth

Amendment rights by relying upon a confidential informant who had not previously provided reliable information, not independently verifying the information the informant supplied, and by being untruthful with the prosecutor who requested and the judge who authorized the warrant.

After discovery began, the City and the officers moved for entry of a protective order designed to prevent disclosure of the identity of the confidential informant mentioned within the search warrant materials. Under the terms of the order, no questions could be asked of the officers in their depositions that could point to or reveal the identity of the confidential informant. The order also specified that the search warrant would be produced only with portions redacted and subject to an "Attorneys' Eyes Only" designation. The order was entered on February 11, 2009.

Subsequently, the Caldwells obtained an unredacted copy of the search warrant and the complaint offered in support of it from Shiloh's attorney in the criminal case for the gun charges. They now move for relief from the protective order under Fed. R. Civ. P. 60(b), to allow inquiry regarding the race and sex of the informant, all information the informant provided that is contended to have supported a finding of probable cause for the search, and production of an unredacted copy of the search warrant and the complaint for the search warrant without an "Attorneys' Eyes Only" restriction.

**LEGAL STANDARD**

Fed. R. Civ. P. 60(b) provides an avenue for a party to seek relief from a previously entered order or judgment. The rule specifies the circumstances under which relief is possible; they represent exceptional situations that would justify an extraordinary type of relief. *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). Rule 60(b)(2) states that a party may be able to obtain relief from an order by providing newly discovered evidence that is material to the judge's decision and would probably have led to a different result if the information had been previously presented. *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996). The evidence must not have been discoverable through due diligence of the presenting party before the order was entered. *Id.* at 294. If any one of these prerequisites is not satisfied, relief under Rule 60(b) is not available. *Id.* at 294.

With these principles in mind, we turn to the instant motion.

**DISCUSSION**

The officers and the City no longer oppose the request in the instant motion for an unredacted copy of the search warrant materials not subject to a disclosure restriction, in light of the fact that the Caldwells already have one in their possession. Accordingly, the portion of the protective order pertaining to the unredacted materials is vacated.

With respect to the remainder of the protective order, however, the officers and the City maintain that the Caldwells should not be granted relief under Rule 60(b). They argue that the Caldwells have not satisfied their burden of demonstrating the presence of all predicate considerations cited above.

Because this issue arises in the context of a 60(b) motion for relief based on new evidence, we must examine whether the new evidence would have led to a denial of the motion for a protective order in the first instance. The evidence presented now that was not previously available is as follows. The Caldwells are now in possession of the unredacted search warrant materials. Shiloh obtained the materials during the pendency of his criminal case, which has been resolved for some time. There is no allegation that the confidential informant's safety has been compromised. In the search warrant, Gallegos asserted that in the three months prior the informant had provided information regarding drug sales on five occasions. That information led to four arrests with concomitant recovery of controlled substances.

Though the Caldwells' complaint covers actions taken before, during, and after the search, information regarding the confidential informant and Gallegos' actions in obtaining the search warrant is pertinent to the question of whether the warrant was obtained in conformity with the Fourth Amendment, not whether the search was executed in a lawful manner or what took place after the search was completed. The

Caldwells are in possession of the search warrant documents and therefore are aware of the details presented to the state court judge in obtaining the warrant. What the Caldwells now seek is the ability to plumb beyond the assertions made on the face of those documents to disprove the idea that they in fact supported a finding of probable cause.

In *Franks v. Delaware*, the Supreme Court enumerated the procedure that must be followed in cases where a party seeks to go behind the information stated on the face of an search warrant affidavit to prove a defense or claim. *Franks v. Delaware*, 438 U.S. 154, 171-72, 98 S. Ct. 2674, 2684-85 (1978). An affidavit that relies on information provided by an informant must provide some description of the reasons why the informant believed that relevant evidence might be found at the place identified in the search warrant. *Id.* at 165, 98 S. Ct. at 2681. The affidavit must also recite some of the requesting officer's rationale for concluding that the information provided is reliable. *Id.* The affidavit supporting a search warrant is presumptively valid. *Id.* at 171, 98 S. Ct. at 2684. A party seeking to overcome this presumption must make a substantial preliminary showing that the requesting officer deliberately lied or recklessly disregarded the truth with allegations to that effect accompanied by an offer of proof that identifies the portion of the affidavit that is alleged to be false as well as a statement of reasons supporting the challenge. *Id.* at 171-72, 98 S. Ct. at 2684-85. The statement of

reasons must in turn be supported by affidavits or other evidence that would counter the identified sections of the warrant affidavit, or the absence of the same must be satisfactorily explained. *Id.* These requirements apply in civil cases as well as in a criminal context. *Perlman v. City of Chicago*, 801 F.2d 262, 264-65 (7th Cir. 1986).

Despite being in possession of the search warrant materials, the Caldwells have not identified any of the statements they contain as being knowingly false or in reckless disregard of the truth nor provided any counter evidence that would be sufficient to constitute the substantial showing contemplated by *Franks* or any explanation for the absence of such evidence. In fact, their reply brief states that they do not take the position that the officers should have known that the informant's information was unreliable before the search. Pls.' Reply at 8. It goes on to cite *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742-43 (7th Cir. 2003), which states that in a challenge to a finding of probable cause a court looks to what the officer knew at the time the warrant was sought, rather than through the lens of hindsight. Pls' Reply at 8.

In sum, nothing in the Caldwells' newly presented evidence overcomes the presumptive validity of the search warrant affidavit or would have prevented the protective order from being entered with regard to information that could point to or reveal the identity of the confidential informant mentioned in it. Within that category of information is the substance of the communications had with police as well as

identifying characteristics such as age, sex, and race. Accordingly, the motion for relief

as to the portion of the protective order addressing those issues is denied.

## CONCLUSION

Based on the foregoing analysis and as described herein, the motion for relief [42]

from the protective order entered on February 11, 2009 [34], is granted in part and

denied in part.

Charles P. Kocoras
United States District Judge


Dated:    April 15, 2009